IDA BELLIS, RESPONDENT, v. MODERN WOODMEN OF AMERICA, APPELLANT.—49 S. W. (2d) 1059.

Kansas City Court of Appeals. May 23, 1932.

*Randolph & Randolph* for respondent.

*W. L. Cole* and *Duval Smith* for appellant.

CAMPBELL, C.—This is an action upon a benefit certificate issued by the defendant to Millard F. Bellis, in which plaintiff is named as beneficiary. Plaintiff recovered judgment for the amount of the certificate. Defendant appeals.

The petition and the reply are not assailed. Neither is it claimed that the answer is insufficient.

Insured died January 13, 1931.

The certificate sued upon, and which is referred to in the record as the "old policy," was issued February 13, 1900. The insured, under the terms of the contract, was required to pay an assessment and dues each month. He did not pay either dues or assessments after June, 1930.

There are five assignments of error, the first two of which are that the court should have directed verdict for the defendant; (3) the court erred in giving plaintiff's instruction No. 1; (4) the court erred in modifying defendant's instruction B, and (5) the court erred in overruling defendant's motion for new trial.

Plaintiff's instruction No. 1 covers almost three pages of the printed record. The only criticism of the instruction is that there was no evidence upon which to base that part of it which reads:

"And that at said time, said Millard F. Bellis informed said agent or representative of defendant that he would not surrender said policy, but that he desired to pay the monthly payments or assessments thereon to keep said policy or benefit certificate in force, and that said representative thereupon informed said Millard F. Bellis that defendant would not accept any more premiums or monthly assessments on said policy, but that said agent would take the matter up with the head camp of defendant and that said Millard F. Bellis would receive further communications from defendant."

The uncontradicted evidence was that representatives of the defendant called on the insured and sought to induce him to exchange the old policy for a new one; that insured declined to surrender the old policy, saying that he was willing to pay whatever "they wanted on the old policy," to which one of said representatives replied that the old policy "was no good;" that insured was informed by one of said representatives that they "would not receive any premiums on the old policy."

Clearly the instruction is not erroneous for the reason assigned.

The defendant's representatives said to insured that his old policy "was no good" and that further payments thereon would not be received. The insured was not required to thereafter pay or tender dues or assessments. [Newman v. John Hancock Mutual Life Ins. Co., 257 S. W. 190; Wayland v. Western Life Indemnity Co., 148 S. W. 626; Murphy v. Brotherhood of Railroad Trainmen, 199 S. W. 730.]

Having determined that we will not convict the trial court of error for giving plaintiff's instruction No. 1, which covers the whole case,

it follows that assignments of error Nos. 1 and 2 are necessarily denied.

Assignments of error Nos. 4 and 5 are not elaborated upon in defendant's brief and will therefore not be noticed. [Kiger v. Sanko, 1 S. W. (2d) 218, 222.] The judgment is affirmed. *Boyer, C.,* concurs.

PER CURIAM:—The foregoing opinion of CAMPBELL, C., is adopted as the opinion of the court. The judgment is affirmed. All concur.